IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SERGIO ONEGLIA, SR., | : | |
| Petitioner, | : | 1:18-cv-0699 |
| | : | |
| v. | : | |
| | : | Hon. John E. Jones III |
| THERESA DELBASO, PA STATE | : | |
| ATTORNEY GENERAL, | : | |
| Respondents. | : | |

## **MEMORANDUM**

### **May 21, 2018**

On March 30, 2018, Petitioner Sergio Oneglia, Sr., ("Petitioner"), a Pennsylvania state inmate presently confined at the State Correctional Institution at Mahanoy, Frackville, Pennsylvania, initiated the above petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) The petition has been given preliminary consideration and, for the reasons discussed below, the court will dismiss the petition without prejudice. *See* 28 U.S.C. § 2243. *See also* R. Governing § 2254 Cases R.4.

### **I.**  **Background**

On February 22, 2017, in Court of Common Pleas of Cumberland County Case No. 21-CR-2802-2016, Petitioner pled guilty to Possession of a Firearm Prohibited in violation of 18 PA CONS STAT § 6105, and Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver in violation of 35 PA CONS STAT

§ 780-113. (Doc. 1). The court imposed a sentence of three and one half to seven years on May 9, 2017. (*Id.*)

According to the electronic docket no appeal has been filed. *See* http://ujsportal.pacourts.us Petitioner states that "[w]hen a trial court void of jurisdiction ab initio issues a sentencing order, the order cannot be appealed because it legally does not exist and thus nothing to appeal." (Doc. 1, p. 14). **I.**

**II. DISCUSSION**

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973); *Tedford v. Hepting*, 990 F.2d 745, 748 (3d Cir. 1993). United States Code Title 28, Section 2243 provides in relevant part that "A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* Further, habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts (2001), which provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Although a *pro se* habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance, *see Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998), *Lewis v. Attorney General*, 878 F.2d 714, 721–22 (3d Cir. 1989), *United States v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969), a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. *See Lonchar v. Thomas,* 517 U.S. 314, 320 (1996); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985). *See also* 28 U.S.C. §§ 2243, 2254, 2255. For instance, a petition may be dismissed without review of an answer when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself..." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that— (A) the applicant has exhausted the remedies available in the courts of the State; or (B) (i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b) (1). Thus, a state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[ ] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[ ] or ... circumstances exist that render such process ineffective. . . ." *See*

*Rose v. Lundy*, 455 U.S. 509, 515 (1982); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

A petitioner exhausts state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings. *See, e.g., O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997) (finding that a collateral attack in state court is not required if the petitioner's claim has been considered on direct appeal); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.") Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. *Castille v. Peoples*, 489 U.S. 346, 350 (1989); *Picard v. Connor*, 404 U.S. 270, 275 (1971).

The petitioner generally bears the burden to prove all facts establishing exhaustion. *Toulson v. Beyer*, 987 F.2d 984, 987 (3d Cir.1993).

Exhaustion is not, however, a jurisdictional requirement; rather, it is designed to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. *Granberry v. Greer*, 481 U.S. 129, 131, 134–35 (1987); *Rose*, 455 U.S. at 516–18. Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review. *Rose*, 455 U.S. at 519. Consequently, a district court may use its inherent power to dismiss, *sua sponte*, a petition which concedes that the prisoner failed to exhaust his state court remedies and which facially violates a bar to suit. *Ray v. Kertes*, 285 F.3d 287, 293 n. 5 (3d Cir. 2002). *See also Sulaski v. Lindsay*, CV-06-2482, 2007 WL 1031457, at *1 (M.D.Pa. March 29, 2007) (Rambo, J.) (relying on *Ray* for *sua sponte* dismissal of an unexhausted § 2241 petition).

Here, it is clear from the face of the petition, and confirmed by information contained in the electronic docket sheet, that Petitioner has not yet exhausted his state remedies. Consequently, the petition will be dismissed. The dismissal is without prejudice to Petitioner's right to pursue federal habeas relief upon complete exhaustion of available state court remedies.

## III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

## IV. CONCLUSION

For the reasons set forth above, the petition will be dismissed without prejudice.

An appropriate order will issue.